## W. W. BLASINGAME v. STATE.

No. A-5612. Opinion Filed May 25, 1926.
(246 Pac. 890.)

 

 

C. H. Madden, for plaintiff in error.

The Attorney General, and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. On information charging that in Harmon county, December 25, 1924, W. W. Blasingame did then and there transport and convey whisky from a place unknown to another place in the cemetery about one-half mile north of Gould, Harmon county, he was convicted; the jury leaving the punishment to be assessed by the court. Motion for new trial was duly filed and overruled,

and the court sentenced defendant to pay a fine of $200, and to be confined in jail for 60 days.

The errors assigned and relied upon for a reversal of the judgment are as follows: That the court erred in overruling the motion for continuance, and erred in overruling defendant's motion for a directed verdict of acquittal.

It appears that defendant had been employed in Harmon county by the sheriff in aiding enforcement of the liquor laws, and left there and went to Hobart, where he was employed in the same capacity for about six weeks; at the date alleged, and on that day, drove from Hobart to Gould with Delmar Yoakum, who testified that he had lived at Gould before moving to Hobart; that defendant drove his car to Roosevelt, and there said he was going to get some whisky, and drove out in the mountains, left the car, and returned with a box which he said contained whisky, and drove on to Gould, stopped at the cemetery, and there concealed the box; that defendant stated the whisky was worth $20 a gallon; that the next day he went to the cemetery and secured the whisky, and sold some of it for the defendant.

T. P. Shaddock, sheriff of Kiowa county, testified that the defendant worked with the enforcement officers of Kiowa county, and on the date alleged stated that he was going home for Christmas; saying that he had a fellow that was going to make a delivery to him that night.

On cross-examination he admitted giving defendant a slip of paper on which he wrote: "R. A. Lackey. This man is working for me. T. P. Shaddock."

S. H. Yoakum testified that he went to Gould on Christmas Day, and defendant asked permission to talk to witness in private, and told him they had him arrested for transporting whisky, and he wanted witness to help him

get loose from the authorities, and said that he had taken this whisky from a still; that, if witness would go to the law force at Hobart and tell them that he knew defendant was all right, and that he had just failed to deliver the whisky, and carried it on down there, they would let him loose, and also asked him to take the car he brought the stuff down in and deliver it at Hobart to the woman it belonged to.

E. T. Smith, sheriff of Harmon county, testified that when he arrested Delmar Yoakum that night for selling whisky on the street in Gould he saw defendant near an alley; that defendant had formerly worked for him in securing evidence against bootleggers. The defendant did not testify.

Before commencing the trial, the court denied a motion for continuance. The affidavit for continuance contained all the formal allegations required by law, and stated that defendant, with due diligence, had been unable to secure the attendance of Charley Boggs, who, if present, would testify that he purchased the liquor in question from Delmar Yoakum, who at the time stated that it was his whisky.

Motions for continuance are addressed to the discretion of the trial court, and its decision will not be disturbed, unless there appears to have been a clear abuse of discretion. In this case there is no ground for saying that the court abused its discretion.

Our examination of the record leaves no doubt in our mind as to the defendant's guilt.

It appearing that he had a fair trial, the conviction is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.