# W. W. BLASSINGAME v. STATE.

No. A-5613.  Opinion Filed May 25, 1926.
(246 Pac. 891.)

C. H. Madden, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.  On information charging that in Harmon county, December 25, 1925, W. W. Blasingame "did then and there unlawfully, willfully, and knowingly sell, barter, give away, and otherwise furnish certain intoxicating liquor, to wit, whisky, to one Delmar Yoakum," he was convicted; the jury leaving the punishment to be fixed by the court.

The court rendered judgment, and sentenced defendant to pay a fine of $200, and to be confined in jail for 60 days.  From the judgment he appeals, and assigns as error the overruling of defendant's demurrer to the jurisdiction of the court; the overruling of the motion for continuance; the overruling of demurrer to the evidence; and that the court erred in refusing to instruct the jury to return a verdict of acquittal.

This is a companion case to that of Blassingame v. State, 34 Okla. Cr. 308, 246 P. 890, this day affirmed.

The evidence for the state shows that defendant furnished to Delmar Yoakum whisky by leaving it at the ceme-

tery near the town of Gould for said Yoakum to sell, which he did, paying defendant $10 received from the sale of one half gallon to a certain person, and $10 from the sale of another half gallon to a certain person and other smaller sales; defendant at the time being employed to aid in the enforcement of the liquor laws in Kiowa county. The defendant did not testify, and the evidence for the state is undisputed.

Before commencing the trial, the court overruled a demurrer to the jurisdiction on the ground that no warrant of arrest had been issued and served. On the record before us the question argued is not presented. Defendant then moved for a continuance, based on the absence of an alleged material witness, which motion was denied. This was a matter within the discretion of the trial court, and there is no ground for saying that the court abused its discretion.

An examination of the record leaves no reasonable question in our mind as to the sufficiency of the evidence to justify submitting to the jury of the question as to defendant's guilt. It follows that the motion for a directed verdict was properly denied.

It appearing that defendant had a fair trial, the conviction is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.